JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-445 JGB (SPx) | Date | October 29, 2020 |
|---|---|---|---|
| Title | *NS182, LLC v. Bob-Mark O Akponye, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 10); (2) DENYING Plaintiff's Request for Fees; and (3) VACATING the November 2, 2020 Hearing (IN CHAMBERS)

Before the Court is Motion for Remand filed by Plaintiff NS182, LLC which includes a Request for Attorneys' Fees. ("Motion," Dkt. No. 10.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed, the Court GRANTS the Motion and DENIES the Request for Attorneys' Fees it contains. The Court vacates the hearing set for November 2, 2020.

## I.   BACKGROUND

On January 24, 2020, Plaintiff NS182, LLC filed its Complaint in the Superior Court of the State of California for the County of Riverside against Defendants Bob-Mark O Akponye and Jane A Akponye. ("Complaint," Dkt. No. 1-1.) The Complaint alleges that Plaintiff became the owner of real property located at 6459 Laurel Street, Corona, California 92880 on or about December 4, 2019 after purchasing the property at a foreclosure sale. (Complaint.) The Complaint further alleges that Defendants Bob-Mark and Jane Akponye have occupied the property without Plaintiff's consent since the foreclosure sale. (Id.) The Complaint is for unlawful detainer and it demands less than $10,000.00. (Id.)

On March 5, 2020, Defendants removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on September 24, 2020. (Motion.) No Opposition or Reply were filed.

Concurrently with the Motion, Plaintiff also filed a Request for Judicial Notice of the following documents: (1) the Deed of Trust for the Property; and (2) the Trustee's Deed Upon Sale. (Dkt. No. 11.) The Court finds the documents appropriate for judicial notice but does not base any part of its Order on them.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III.   DISCUSSION

There is no federal subject matter jurisdiction in this action. Plaintiff has a state-law claim for less than $10,000 which concerns the possession of a piece of real property located in Riverside County. (Motion p. 1.) Though Defendants cite 28 U.S.C. § 1443 and allege violations of their civil rights, they plead no facts consistent with a civil rights case, and none exists in the underlying action. (Notice of Removal.) Moreover, as Plaintiff points out, Defendants' Notice of Removal was untimely filed and procedurally improper. (Id. p. 5.) Plaintiff's Complaint was filed on January 24, 2020 and served on January 30, 2020 and January 31, 2020. (Id.) Pursuant

to 28 U.S.C. § 1446(b), the deadline for Defendants to remove this case to federal court was 30 days from the receipt of service was, at latest, March 1, 2020.  Defendants did not remove until March 5, 2020.  (Notice of Removal.)

In addition to moving for removal, Plaintiff also moves for $2,000.00 in fees "incurred as a result of the removal."  (Motion pp. 8-9.)  While the Court could order that Defendants pay such fees, (see 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal[,]") it declines to do so here.  Defendants are proceeding in pro per, unrepresented by counsel.  While their Notice of Removal was untimely and not based in sound law, it does not appear it was filed for the purpose of abuse, unnecessary expense, and harassment.

### IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Remand and DENIES Plaintiff's Request for Fees.  The action is hereby remanded to the Superior Court of the State of California for the County of Riverside.  The November 2, 2020 hearing is VACATED.

**IT IS SO ORDERED.**